[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10169
Non-Argument Calendar
_____

Agency No. A087-389-841

OMAR MALDONADO GELVES,
SANDRA CECILIA ARDILA MARTINEZ,
NICOLAS MALDONADO ARDILA,
SANTALUCIA MALDONADO ARDILA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.
_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 31, 2013)

Before CARNES, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Omar Maldonado Gelves[1] seeks review of the Board of Immigration Appeal's ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, pursuant to 8 U.S.C. § 1158(a). [2] Mr. Gelves and his family overstayed their visa and thereafter sought asylum and withholding of removal. Mr. Gelves's only argument for relief is that he had been kidnapped by the Revolutionary Armed Forces of Columbia (FARC) and his family faces ongoing extortion attempts from the FARC. To establish eligibility for asylum, the asylum applicant must establish that he is a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" any statutorily enumerated protected grounds, which include the refugee's political opinion. 8 U.S.C. § 1101(a)(42)(A). To demonstrate a sufficient nexus between political opinion and alleged persecution, an alien must show that he has been or will be persecuted "because of" his actual or imputed political opinion. *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884,

---

[1] Mr. Gelves is the lead petitioner and has named his wife, Sandra Cecilia Ardila Martinez, and his children, Nicolas Maldonado Ardila and Santalucia Maldonado Ardila, as his derivative beneficiaries.

[2] The BIA's order also affirmed the IJ's decision withholding of removal under 8 U.S.C. § 1231(b)(3) and withholding of removal under the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). Mr. Gelves raises no argument on appeal that the BIA erred in denying him withholding of removal or CAT relief and therefore he has abandoned these claims. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer argument on an issue, that issue is abandoned."). We also do not consider Mr. Gelves's argument that his family constitutes a particular social group because he failed to seek relief on this ground before the IJ and thus has failed to exhaust this claim. *See* 8 U.S.C. § 1252(d) (stating that a court may only review a final order of removal if the alien has exhausted all administrative remedies available to the alien).

2

890 (11th Cir. 2007) (quotation and emphasis omitted).  Being targeted by a guerilla group for extortion purposes does not, by itself, constitute persecution on account of political opinion. *See Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 821-23 (11th Cir. 2007) (holding that there was no nexus between persecution and political opinion where the FARC demanded a politically active business owner pay the FARC's "war tax," where the FARC targeted the petitioner (1) for extortion based on the petitioner's ability to pay, (2) harmed the petitioner after refusal to pay the "war tax," and (3) never demanded that the petitioner cease political activities).

Here, the BIA did not err in affirming the IJ's denial of Mr. Gelves's application for asylum because substantial evidence supported the BIA's determination that Mr. Gelves was not persecuted on account of his actual or imputed political opinion.[3]  That evidence includes that the FARC targeted Mr. Gelves based on his ability to pay extortion demands and not based on his political views; that in kidnapping Mr. Gelves and threatening him and his family, the FARC only sought monetary payoffs; and, that the FARC made no demands regarding Mr. Gelves's political opinions.  Furthermore, the FARC's threats against Mr. Gelves after his release from captivity did not constitute persecution on account of a statutorily protected ground because the threats were in furtherance of

---

[3] We must affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007) (quotation omitted).

3

extorting money from Mr. Gelves and his family.  Moreover, even though Mr. Gelves claimed that the FARC tried to indoctrinate and recruit him, his refusal to cooperate with the guerillas was insufficient to establish that he was persecuted due to his political opinion.  *See Rodgriguez Morales*, 488 F.3d at 890.  Mr. Gelves has failed to establish any of his political beliefs, imputed or personal, drove the FARC's persecution of him and his family. Accordingly, because Mr. Gelves did not establish a nexus between past persecution or a well-founded fear of future persecution and his actual or imputed political belief, he has failed to establish his eligibility for asylum.

**PETITION DENIED.**